IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
|  | : |
| v. | :  No. 21-cr-508-BAH |
|  | : |
| LUKE WESSLEY BENDER, | : |
|  | : |
| *Defendant*. | : |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO JOIN**

On the eve of the deadline to provide dates to the Court for the entry of a Pre-*Trial* Scheduling Order, the Government notified Luke Bender that it was seeking to join his criminal case with the case of Landon Mitchell, an individual with whom Mr. Bender was present at the United States Capitol on January 6, 2021, whose identity Mr. Bender brought to the attention of the Government *ten months ago*, and who, like Mr. Bender, has had a case pending before this Court for at least *seven months*. Since learning of the Government's intention, Mr. Bender has had to reverse course to assess whether a joint trial would prejudice him — transitioning from evaluating the Government's evidence *against him* to evaluating the Government's evidence against Mr. Mitchell, including Mr. Mitchell's statements on social media, in electronic devices, and to law enforcement (an inquiry which, prior to recently, had no value to Mr. Bender as he prepared to proceed to trial alone).

Acknowledging the uphill battle in opposing motions for joinder of defendants, Mr. Bender does not consent to the Government's motion and asserts that joinder will in fact prejudice him. As the Government often states, cases related to the events of January 6, 2021 are like no other. In one instance, the Government is correct; never has there been more video capturing the events at

issue. For that reason, the respective defendants' statements and their meaning will be center stage at any joint trial, unlike the majority of other cases where all relevant moments have not been captured on video. This distinction alone weakens the justification for a joint trial, as the Government's presentation in both cases would be accomplished by simply playing the relevant video footage.

Moreover, in these matters, Mr. Bender and Mr. Mitchell are charged with intending to obstruct an official proceeding, even though the certification proceeding had already been postponed and members of Congress had already been evacuated prior to their alleged entry into the United States Capitol. Accordingly, in a joint trial, the Government will endeavor to present all possible evidence as to the defendants' "intent." This will likely include, *at a minimum*, Mr. Mitchell's social media statements regarding the need to "fight now," his social media posts juxtaposing the urban unrest of the summer of 2020 to the events on January 6, 2021 at the United States Capitol, and the posting of a flaming skull image with a message expressing his pride as to the events of January 6, 2021, all of which the Government included in its public Statement of Facts in support of the Complaint against Mr. Mitchell.

It is in this backdrop that the Federal Rules of Criminal Procedure provide that, when evaluating prejudice from a joint trial, a "court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14. As discussed below, the Government's evidence as to Mr. Mitchell creates a "prejudicial spillover" in a joint trial with Mr. Bender and would deprive Mr. Bender of a fair trial, undermining the purported benefits of efficiency and sparing resources that joinder is supposed to foster.

For all these reasons and as discussed in further detail below, Mr. Bender asks that this

Court deny the Government's motion for joinder.

## FACTUAL BACKGROUND

The Government alleges that Mr. Bender, who was 20 years of age on January 6, 2021: (i) "*walk[ed]* in the Rotunda of the U.S. Capitol," (ii) "*walked* down the hallway in the East Front Corridor, towards the Senate Chamber; (iii) "*walked* inside of the Senate chamber;" (iv) took photographs inside the Senate Chamber; and (v) "*stood* on the dais in the Senate floor." Complaint, Statement of Facts, at 6-9 (D.E. 1-1) (emphasis added). According to the Government's allegations, prior to Mr. Bender entering at 2:45 p.m., the certification of the election had already been postponed until 8:00 p.m. and members of Congress had already been evacuated. *Id.* at 1.

The Government does not allege that Mr. Bender, while inside or outside the United States Capitol on January 6, 2021, assaulted or threatened anyone, or stole or defaced any property. And while many others attacked their way into the United States Capitol, injuring officers and destroying property, the Government's discovery allegedly shows that Mr. Bender calmly walked into the United States Capitol and subsequently walked out approximately 25 minutes later, with law enforcement officers standing next to the exit.

***Government Alleges Mr. Bender Entered at 2:45 p.m.***



3

*Government Alleges Mr. Bender Exited at 3:10 p.m.*



Additionally, the Government does not allege, nor would it be able to establish at trial, that Mr. Bender had any weapons with him on January 6, 2021, or that he was part of any militia or organized group that planned or trained to do harm at the United States Capitol on January 6, 2021. Instead, on January 6, 2021, Mr. Bender was present with Landon Mitchell, whom he knew from prior employment. Mr. Bender and Mr. Mitchell were both charged separately with six offenses relating to their presence at the United States Capitol on January 6, 2021.[1]

According to the Government, upon his arrest, Mr. Bender truthfully answered all questions posed to him by the Federal Bureau of Investigation ("FBI"), identified Mr. Mitchell, provided Mr. Mitchell's contact information, and described the extent of his knowledge of Mr.

---

[1] Notwithstanding the absence of any assaultive, threatening, or destructive conduct and that he was 20 years of age at the time of the offense, Mr. Bender is charged with felony obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) because it is alleged that he passed a prosecutorial bright line of demarcation, *i.e.*, the floor of the U.S. Senate. While other defendants may have been screaming "Stop the Steal" and carrying on around the United States Capitol in a threatening and menacing manner, in the absence of any violent conduct, they would not be charged with felony obstruction unless they passed this certain prosecutorial line of demarcation.

Mitchell. *United States v. Mitchell*, 21-cr-717-BAH, Complaint, Statement of Facts, at 4–5 (D.E. 1-1). To be clear, Mr. Mitchell is a defendant before this Court because of Mr. Bender's alleged actions.

Mr. Bender was charged on July 26, 2021 and arrested on July 29, 2021. Mr. Mitchell was charged on October 19, 2021 and arrested on October 20, 2021. Since their arrests, both matters have been proceeding on separate tracks. As it pertains to Mr. Bender, on May 11, 2022, the Court issued a Minute Order requiring the "parties jointly to file a statement, by noon on May 16, 2022, informing the Court whether any outstanding plea offers will have expired by May 20, 2022 and if so, the parties shall provide the Court with three proposed trial dates, a proposed motions schedule, and an estimated trial duration, so that the Court may set a trial schedule at or before the May 20, 2022 hearing." On or about May 12, 2022, the Government notified Mr. Bender that it anticipated filing a motion to join this matter for trial with Mr. Mitchell's matter. After the Government filed its motion to join on May 13, 2022, this Court issued an Order requiring Mr. Bender to file any response to the Government's motion to join by May 20, 2022.

With the exemplary assistance of the assigned prosecutor, Jordan A. Konig, Esq., the Government has been providing Mr. Bender discovery as to Mr. Mitchell's statements (and highlighting where they are contained in the Government's productions) to allow Mr. Bender's counsel to respond to the Government's motion.[2]

**ARGUMENT**

Rule 8(b) of the Federal Rules of Criminal Procedure states that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

---

[2] Mr. Bender's counsel's review is still ongoing and Mr. Bender reserves the right to supplement his arguments as to why joinder is prejudicial to the extent necessary.

Fed. R. Crim. P. 8(b). "A 'series of acts or transactions' is 'two or more acts or transactions connected together or constituting parts of a common scheme or plan.'" *United States v. Bostick*, 791 F.3d 127, 145 (D.C. Cir. 2015) (quoting *United States v. Moore*, 651 F.3d 30, 69 (D.C. Cir. 2011)). The decision to grant a motion to join under Rule 13 of the Federal Rules of Criminal Procedure implicates the prejudice prong contained in Rule 14 of the Federal Rules of Criminal Procedure. *See* Gov't Mot. at 3 (D.E. 33) (conceding that a "court also must consider whether joinder or consolidation would result in prejudice to the government or a defendant"). "[T]he determination of risk of prejudice and any remedy that may be necessary [is left] to the sound discretion of the district courts." *United States v. Reese*, 2 F.3d 870, 891 (9th Cir. 1993) (quoting *Zafiro v. United States*, 506 U.S. 534, 541 (1993)).

Joinder is not proper if it "'appears to prejudice a defendant,' Fed. R. Crim. P. 14(a), such as when there is 'serious risk that a joint trial would' either (1) 'compromise a specific trial right of one of the defendants,' or (2) cause prejudicial spillover, *i.e.*, 'prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Ford*, 155 F. Supp. 3d 60, 66 (2016) (quoting *Zafiro*, 506 U.S. at 539). "For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty," and "[e]vidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice." *Zafiro*, 506 U.S. at 539 (citations omitted). Pursuant to Rule 14(b), "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14(b).

As shown in the still photographs accompanying the Statement of Facts supporting the criminal complaints brought against Mr. Bender and Mr. Mitchell, the Government alleges that

6

both individuals were present together at all times inside and outside the United States Capitol on January 6, 2021. Both individuals were also present with hundreds of other individuals who attended speeches on January 6, 2021 and are alleged to have entered and exited the United States Capitol that day.

What is in dispute is the intent of Mr. Bender and Mr. Mitchell, which underlies the obstruction charges – the sole felony charge that both defendants face. In the absence of any assaultive or threatening conduct or stealing and defacing property, the Government intends to rely heavily on social media statements and admissions to prove intent. Consequently, in a joint trial, Mr. Bender will be required to hear testimony and other evidence relating to Mr. Mitchell that will be prejudicial to Mr. Bender's defense. Given the Government's anticipated evidence, the jury will be instructed that some photographs and videos relating to January 6, 2021 are evidence solely as to Mr. Bender, some solely as to Mr. Mitchell, and some evidence as to both, which creates the potential for jury confusion and "prejudicial spillover." *See Ford*, 155 F. Supp. 3d at 66.

Even after a *cursory* review of the information available to Mr. Bender about Mr. Mitchell's social media accounts, Mr. Bender would be prejudiced by joinder at this late hour. In seeking probable cause for Mr. Mitchell's arrest, the Government relied on social media posts by Mr. Mitchell, which contained statements regarding the need to "fight now," juxtaposing the urban unrest of the summer of 2020 to the protest on January 6, 2021, and the posting of an image of a flaming skull with a message expressing Mr. Mitchell's pride of the events on January 6, 2021. Mr. Mitchell also bragged in correspondence to another individual that he would never be caught because he masked himself inside the Capitol and therefore was "invincible." These posts are highly inflammatory and run a significant risk of prejudicial spillover, especially, when Mr. Bender was present with Mr. Mitchell on January 6, 2021 and can be seen by the jury as potentially

endorsing these statements through his mere association with Mr. Mitchell.

In addition, according to the Government, Mr. Bender identified Mr. Mitchell in photographs and provided a full description of Mr. Mitchell's actions on January 6, 2021:

> In a post-arrest interview with law enforcement officers on July 29, 2021, Bender identified Mitchell as the individual who accompanied him on January 6, 2021. *See United States v. Mitchell*, Doc. No. 1-1 at 2-4. Bender explained that he and Mitchell are former coworkers and had known each other for two or three years. *Id.* at 4. They traveled together to the "Stop the Steal" rally and had attended prior political rallies together. *Id.*

Gov't Mot. at 3.

The Confrontation Clause of the United States Constitution provides the accused with "the right . . . to be confronted with the witnesses against him." U.S. CONST. Amend. VI. The Supreme Court in *Bruton v. United States* held that, in a joint trial, "the Confrontation Clause forbids the prosecution to introduce a nontestifying codefendant's confession implicating the defendant in the crime." *See Greene v. Fisher*, 565 U.S. 34, 42-43 (2011) (citing *Bruton v. United States*, 391 U.S. 123 (1968)). *Bruton* applies only when a co-defendant's statement "expressly implicates the defendant" and is "so incriminating that it constitutes an exception to the general proposition that a judge's limiting instruction will prevent any improper use of the statement by the jury." *United States v. Washington*, 952 F.2d 1402, 1404-05 (D.C. Cir. 1991) (punctuation omitted).

Placed in the position of anticipating all potential prejudice in evaluating whether joinder is proper, Mr. Bender must assume that the Government could seek to admit his purported statements regarding himself and Mr. Mitchell at trial, even though the Government does not need such statements in light of Mr. Mitchell's separate statements to law enforcement and the video evidence. Even if the Court seeks to have Mr. Bender's statements regarding Mr. Mitchell sanitized to avoid a *Bruton* issue, Mr. Bender would still be prejudiced by confusion among the jury that Mr. Bender was present with (another unidentified and redacted individual) at the United States

8

Capitol, when he was not.

## CONCLUSION

For all these reasons, Mr. Bender opposes the Government's motion for joinder of defendants.

Dated: May 20, 2022

Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

　/s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

Emma J. Mulford (Bar No. MD0146)
400 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 385-6249
Facsimile: (410) 547-2432
Email: emulford@silvermanthompson.com

*Counsel for Defendant Luke Wessley Bender*