IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 21-cr-508-BAH |
| v. | : |
| | : |
| LUKE WESSLEY BENDER, | : |
| *Defendant*. | : |

## DEFENDANT'S MOTION TO AMEND/CORRECT RELEASE ORDER

Defendant Luke Wessley Bender, through his undersigned counsel, files the present motion seeking an amendment/correction to the Release Order issued in this case, and states as follows:

1. On July 29, 2021, the Defendant was arrested by Complaint as to offenses relating to the events that occurred on January 6, 2021 at the United States Capitol.

2. Since his initial presentment, Mr. Bender has been in *full compliance* with his conditions of release, which includes, maintaining compliance with GPS monitoring with a curfew (10:00 p.m. to 6:00 a.m.) pursuant to the High Intensity Supervision Program ("HISP"). Mr. Bender has also complied with the D.C. Pretrial Services Agency's ("Pretrial") request that he enroll in an Intensive Outpatient Program.

3. Since his release in this case, Mr. Bender has also resolved misdemeanor matters in Virginia (that were pending at the time of his arrest in this case) and has been in compliance with his probation conditions in that jurisdiction, which includes participating in a Virginia Alcohol Safety Action Program on top of his work and Pretrial obligations in this matter.

4. In nine-months, Mr. Bender has had three separate Pretrial supervision officers. He has reported all travel outside of the state to his supervision officers for pre-approval and none of

his requests have been denied.

5. Even with his exemplary performance on release, Mr. Bender is *not* seeking a modification of his release conditions, rather, he is seeking to prevent his release conditions from becoming *more onerous*.

6. Mr. Bender's new supervision officer, Kimberly Pfister, has advised that there is an inconsistency in the Court's Release Order as it pertains to HISP. For example, the release order does not impose curfew requirements and according to Pretrial, in the District of Columbia, it will not just monitor defendants alone on GPS without additional conditions (unless expressly ordered by the Court). Accordingly, as a default, Pretrial has ordered Mr. Bender to maintain a 10:00 p.m. to 6:00 a.m. curfew as part of the lowest possible conditions of being in the HISP program since his placement in HISP.

7. While Mr. Bender is permitted to leave the jurisdiction overnight with Pretrial's approval (including staying at a hotel as part of pre-approved travel), he is prohibited from staying over at any residence/hotel in the Commonwealth of Virginia (even when he is adhering to his curfew restrictions). For example, Mr. Bender is not permitted to stay at his in-laws with his wife overnight in Virginia even if he complies with his curfew restrictions. Mr. Bender is also not permitted to stay in a pre-approved residence or hotel in Virginia if he is attending an evening event and cannot make it home to his current residence by his curfew of 10:00 p.m.

8. Thus, while Mr. Bender can take an overnight trip to stay at a hotel in North Carolina if approved by Pretrial, he cannot travel within his home state, *e.g.*, to Virginia Beach, and stay at a hotel or residence if approved by Pretrial.

9. Undersigned counsel notes that in the companion case to this matter of *United States v. Landon Mitchell*, No. 21-cr-717 (BAH), where the Government alleges that Mr. Bender

and Mr. Mitchell engaged in the same conduct, Mr. Mitchell's release order is limited to stand alone GPS monitoring, *without* a residential curfew, home detention, or home incarceration restrictions, as shown below. *Id.* at D.E. 7 at 2

(✓) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
  (☐) (i) **Curfew.** You are restricted to your residence every day (☐) from _____ to _____, or (☐) as directed by the pretrial services office or supervising officer; or
  (☐) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
  (☐) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
  (✓) (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
  **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

Consistent with the Proposed Order accompanying this motion, Mr. Bender respectfully requests that the Court permit Pretrial the discretion to allow Mr. Bender, where appropriate, to stay at a residence/hotel in the Commonwealth of Virginia so long as he complies with his 10:00 p.m. to 6:00 a.m. curfew.

10. Undersigned counsel has conferred with counsel for the United States and Government counsel informs undersigned counsel that "[a]s long as Pretrial Services does not oppose, [the Government] do[es] not either."

11. Undersigned counsel sent a copy of its proposed motion and order to Mr. Bender's current pretrial representative Kimberly Pfister after numerous phone calls and correspondence discussing the issue.

12. Mr. Bender's current pretrial representative stated:

> PSA can not agree to the proposed motion as it allows for multiple addresses and we do not allow it. Ideally PSA would request that the defendant's location monitoring condition be clarified by the Court to state he 'is restricted to his residence every day from 10:00pm to 6:00am as directed by the pretrial services office or supervising officer.'

13. While making every possible good-faith effort in this matter, undersigned counsel has been unable to breach the disconnect with Pretrial on this issue as the requested Proposed

Order would not add multiple addresses any more than it would when Pretrial approves Mr. Bender's out of state travel, which it has done without objection on the limited times such requests have been made over the last ninth-months consistent with the Court's Release Order.

For all the reasons stated herein, Defendant, who has been in *complete* compliance with his conditions of release for nine-months, requests that the Court grant the requested amendment to his Release Order.

Dated: May 23, 2022                              Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

     /s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

Emma J. Mulford (Bar No. MD0146)
400 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 385-6249
Facsimile: (410) 547-2432
Email: emulford@silvermanthompson.com

*Counsel for Defendant Luke Wessley Bender*