UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 21-508 (BAH) |
| LUKE WESSLEY BENDER, *et al.* | Chief Judge Beryl A. Howell |
| Defendants. | |

### MEMORANDUM AND ORDER

Defendants Luke Wessley Bender and Landon Bryce Mitchell face a stipulated trial on December 2, 2022, each on one felony charge and five misdemeanor charges stemming from their alleged conduct at the U.S. Capitol on January 6, 2021. Both defendants have moved pre-trial to dismiss, *inter alia*, Counts Two and Three, alleging violations of 18 U.S.C. §§ 1752(a)(1) and (a)(2), respectively. Defs.' Mot. Dismiss Counts Two and Three ("Defs.' Mot."), ECF No. 47; Def. Bender's Mot. to Adopt Mots. of Codefendant, ECF No. 65 ("Bender's Mot. to Join"). Both of these charges stem from defendants' alleged presence in "a restricted building and grounds" where the Vice President and Vice President-elect were "temporarily visiting" on January 6, 2021. Indictment as to Luke Wessley Bender at 2, ECF No. 7; Indictment as to Landon Bryce Mitchell at 2, Case No. 21-cr-717, ECF No. 18. Counts Two and Three charge defendants with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1), and disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2), respectively.

Defendants argue that Counts Two and Three should be dismissed because the Capitol cannot have been a "restricted building or grounds" on January 6, 2021, as then-Vice President

1

Pence was not "temporarily visiting." Defs.' Mot. at 2–3. For the reasons explained below, this argument is meritless. Defendants' motion to dismiss Counts Two and Three is denied, in line with the previous rulings of this Court and every other Judge on this Court to have considered these arguments, which defendants acknowledge. *See* Defs.' Mot. at 1 n.1.

**I.   DISCUSSION**

Defendants trot out the same unavailing arguments already rejected by this Court. First, they argue that the Vice President has a "dedicated, *permanent* office" in the Senate, and "'[t]emporarily' visiting does not encompass travel to and from one's own office or place of business." Defs.' Mot. at 4, 8. Otherwise, defendants argue, the statute "creates fair notice problems," because "the statute's reach expands and contracts based on fluid, unidentified factors" that an ordinary person would not be able to discern, such as the frequency with which the Vice President occupies the building or grounds at issue. *Id.* at 13. As a result of this claimed ambiguity, the "[p]rinciples of lenity" and the doctrine of constitutional avoidance "demand that the court adopt the narrower construction." *Id.* at 15–16. Every Judge on this Court, including the undersigned, to consider these same challenges has rejected these exercises in wordsmithing and fabricating ambiguity, and no persuasive reason is presented here to deviate from this uniform and consistent denial of the arguments raised by defendant.

Common sense easily resolves these challenges to Counts Two and Three. Despite having a limited role as President of, and tiebreaker for, the Senate, U.S. CONST. art. I, § 3, cl. 4, the Vice President is generally regarded as an executive branch officer, *see id.* art. II, § 1, cl. 1, and generally works in locations other than the Capitol. The fact that the Vice President has a space set aside in the Capitol for occasional use—notably, not the location where Vice President Pence was working inside the Capitol on January 6, 2021—makes this official no less a "visitor"

2

and no less "temporary" when making an occasional appearance on the premises of the Capitol. *See United States v. Williams*, Case No. 21-cr-618 (ABJ), 2022 WL 2237301, *19-20 (D.D.C. June 22, 2022).

The phrase "temporarily visiting" carries no ambiguity and thus the principles of lenity and constitutional avoidance do not apply. *See Maracich v. Spears*, 570 U.S. 48, 76 (2013) (finding "no room for the rule of lenity" where the statute's text and structure make clear that defendant's preferred interpretation would produce absurd results); *United States v. Nordean*, 579 F. Supp. 3d 28, 60 (D.D.C. 2021) (Kelly, J.) (rejecting argument that § 1752 is unconstitutionally vague because "[t]he text is clear and gives fair notice of the conduct it punishes, and it is not standardless enough to invite arbitrary enforcement"); *United States v. Griffin*, 549 F. Supp. 3d 49, 57 (D.D.C. 2021) (McFadden, J.) (Section 1752 "is no trap awaiting the unwary."). Under § 1752, certain conduct is criminalized in certain sensitive areas around both the President and the Vice President. The residences of both, whether the occupant is present or not, are covered at all times. 18 U.S.C. § 1752(c)(1)(A). When either the President or Vice President is "temporarily visiting" some other location, a *de facto* bubble follows the official and affords similar protection. *Id.* § 1752(c)(1)(B). The reading that would produce greater notice problems is the *defendants'*, which would inexplicably pop that bubble for an ill-defined set of destinations where the President or Vice President could be said to be "going to work." Defs' Mot. at 9. *See* Gov't's Opp'n at 9 (noting that defendants' construction might exclude the President and Vice President's residences in Delaware and California, as well as Camp David, from protection under the statute). The Court declines to introduce such needless ambiguity into a simple statutory phrase.

In sum, defendants' motion presents no reason to stray from the prior decisions of this Court uniformly rejecting the arguments made. *See United States v. McHugh*, 583 F. Supp. 3d 1, 32–35 (D.D.C. Feb. 1, 2022) (Bates, J.); *United States v. Bozell*, No. 21-cr-216, 2022 WL 474144, at *8 (D.D.C. Feb. 16, 2022) (Bates, J.); *United States v. Andries*, No. 21-cr-93, 2022 WL 768684, at *16–17 (D.D.C. Mar. 14, 2022) (Contreras, J.); *United States v. Fischer*, No. 21-cr-234, 2022 WL 782413, at *4–5 (D.D.C. Mar. 15, 2022) (Nichols, J.); *United States v. Puma*, No. 21-cr-454, 2022 WL 823079, at *16–19 (D.D.C. Mar. 19, 2022) (Friedman, J.); *United States v. Bingert*, No. 21-cr-91, 2022 WL 1659163, at *15 (D.D.C. May 25, 2022) (Lamberth, J.); *United States v. Anthony Robert Williams*, No. 21-cr-377, ECF No. 88 (D.D.C. June 8, 2022) (Howell, C.J.); *Williams*, 2022 WL 2237301, at *20 (Jackson, J.).

## II. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendants' Motion to Dismiss Counts Two and Three, ECF No. 47, is **DENIED**.

**SO ORDERED.**

Date: November 22, 2022

_____
BERYL A. HOWELL
Chief Judge