IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : No. 21-cr-508-01-BAH |
| v. | : |
| | : |
| LUKE WESSLEY BENDER, | : |
| | : |
| *Defendant.* | : |

### ***SUPPLEMENT* TO DEFENDANT'S SENTENCING MEMORANDUM**

Since the date of the originally scheduled sentencing hearing to the present, Luke Bender has remained in complete compliance with every condition of the High Intensity Supervision Program (with GPS monitoring), as he has since his arrest in July 2021. He continues to maintain full employment, often getting to work at 5:00 a.m. and ensuring each day that he complies with the Court's evening curfew requirements. The Court's stringent release conditions have allowed Mr. Bender to become a productive member of society and to provide for himself and his wife as they begin the process of starting a family.

To the Government, none of these facts matter. It asks this Court to sentence Mr. Bender to 2.5 years of incarceration. But why? It is not because he violently broke into the U.S. Capitol on January 6, 2021, as surveillance video shows him walking in and walking around after the evacuation of members of Congress and the suspension of the joint session to certify the Electoral College vote. Nor is it because he assaulted or threatened anyone (including law enforcement) or stole or defaced any property inside the U.S. Capitol, as surveillance video shows Mr. Bender engaging in no such conduct. Rather, the Government asks this Court for lengthy incarceration because Mr. Bender, during the minutes of parading and demonstrating inside the U.S. Capitol,

1

entered into the Senate Chamber. To the Government, this crosses a special threshold that alters its discretionary decision as to whether Mr. Bender should be able to plead guilty to a petit misdemeanor (maximum six-month) offense or to a felony obstruction of an official proceeding offense. The consequences of this discretionary decision — for nearly identical conduct — could not be harsher, as one has historically resulted in no incarceration, while the other, as the Government asks here, could result in multiple years of incarceration in a Bureau of Prisons ("BOP") facility.

The Government's arbitrary distinction creates obvious sentencing disparities. Below are the names of every January 6, 2021 Capitol breach defendant for whose conduct the Government did not seek a sentence of incarceration:[1]

| | | |
|---|---|---|
| Morgan-Lloyd, Anna | Parks, Jennifer | Colbath, Paul |
| Ehrke, Valerie | Reimler, Nicholas | Lewis, Jacob |
| Bissey, Donna | Miller, Brandon | Lentz, Nicholes |
| Hiles, Jacob | Miller, Stephanie | Daughtry, Michael |
| Wangler, Douglas | Hatley, Andrew | Juran, John |
| Harrison, Bruce | Pert, Rachael | Genco, Raechel |
| Sizer, Brian | Winn, Dana | Macrae, Douglas Farquhar |
| Bustle, Jessica | Wickersham, Gary | Seymour, Paul Sr. |
| Bustle, Joshua | Schwemmer, Esther | Seymour, Paul Jr. |
| Doyle, Danielle | Kelly, Kenneth | Ferguson, Jamie |
| Bennett, Andrew | Straka, Brandon | Fontanez-Rodriguez, Samuel |
| Mazzocco, Matthew | Sizer, Julia | Bostic, Karegan |
| Rosa, Eliel | Blauser, William | Bostic, Willard Jr. |
| Gallagher, Thomas | Barnard, Richard | McFadden, Tyrone |
| Vinson, Thomas | Witcher, Jeffrey | Mileur, Aaron |
| Dillon, Brittiany | McAlanis, Edward | Williams, Carrie |
| Sanders, Jonathan | Lollis, James | Rutledge, Meghan |
| Fitchett, Cindy | Schubert, Amy | Saer, Lilith |
| Sweet, Douglas | Schubert, John | Cantrell, Eric |
| Cordon, Sean | Orangias, Michael | |
| Wilkerson, John IV | Quick, Michael | |
| Jones, Caleb | Quick, Stephen | |
| Brown, Terry | Reda, Kenneth | |
| Wrigley, Andrew | McCreary, Brian | |

---

[1] See Government's Sentencing Table of January 6 Capitol Breach Defendants, dated April 7, 2023.

The above list does not include all the defendants for whom the Government sought, but judges in this District, nonetheless, refused to impose, a sentence of incarceration at a BOP facility:

| | | |
|---|---|---|
| Vinson, Lori | Krzywicki, Carla | Spigelmyer, Paul |
| Griffith, Jack | Kulas, Christian | Uptmore, James |
| Torrens, Eric | Kulas, Mark | Brooks, James |
| Gruppo, Leonard | Von Bernewitz, Eric | Yazdani-Isfehani, Abigail |
| Croy, Glenn | Ballesteros, Robert | Yazdani-Isfehani, Loruhamah |
| Stotts, Jordan | Peart, Willard | Comeau, Jason |
| Cordon, Kevin | Spain, Jr., Edward | Evans III, Treniss |
| Abual-Ragheb, Rasha | Chapman, Robert | Castle, Trudy |
| Nelson, Brandon | Tagaris, Jody | DiFrancesco, Kimberly |
| Markofski, Abram | Sywak, William Jason | Wood, Matthew |
| Marquez, Felipe | Sywak, William Michael | Wiersma, David |
| Mariotto, Anthony | Laurens, Jonathan | Frankowski, Dawn |
| Edwards, Gary | Cunningham, Christopher | Buxton, Jonas |
| Tutrow, Israel | Torre, Benjamin | Billingsley, Steven |
| Kostolsky, Jackson | Suarez, Marissa | Gross, Juliano |
| Rusyn, Michael | Todisco, Patricia | Council, Matthew |
| Sells, Tanner | Persick, Kerry | Johnson Jr., Thaddis |
| Walden, Jon | Buckler, Matthew | Bond, Stacy Lee |
| Prado, Nicole | Cavanaugh, Andrew | Conlon, Paula |
| Williams, Vic | Ortiz, Christopher | Witzemann, Shawn |
| Wiedrich, Jacob | Homer, Lisa | Slaeker, Tyler |
| Stepakoff, Michael | Fracker, Jacob | Montalvo, Matthew |
| Wilson, Zachary | Carlton, Daniel Jonathan | Gable, Levi |
| Wilson, Kelsey | Thurlow, Steven | Faulkner, Luke |
| McAuliffe, Justin | McNicoll, Lois Lynn | Javid, Iraj |
| Williams, Andrew | Youngers, Darrell | Lanham, Melanie |
| Sunstrum, Traci | Vollan, Cody | Gleffe, Marcos |
| Gonzalez, Eduardo | Carollo, Anthoy | Heathcote, Chad |
| Strong, Kevin | Bratjan, Frank | Manwaring, Susan |
| Nalley, Verden | Ferreira, Leticia | Bustos, Alexis |
| Carico, Michael | Connor, Francis | Bustos, Bryan |
| Loftus, Kevin | Ferrigno, Antonio | Myers, Rachel |
| Kelley, Kari | Lunyk, Anton | Grover, Logan |
| Martin, Zachary | Vincent, Reva | Cramer, Country |
| Cudd, Jenny | Ayres, Stephen | Gordon, Vaughn |
| Jackson, Micajah | Hentschel, Cara | Gerwatowski, Eric |
| Ivey, Bryan | Munn, Dawn | Ambrose, Lawrence |
| Burress, Gabriel | Munn, Joshua | Tilley, Todd |
| Pettit, Madison | Munn, Kayli | Montoya, Samuel |
| Fee, Thomas | Munn, Kristi | |
| Zlab, Joseph | Munn, Thomas | |
| Fox, Samuel | Munger, Jeffrey | |
| Hardin, Michael | Rodean, Nicholas | |
| O'Malley, Timothy | Mels, James Allen | |
| Rebegila, Mark | Clark, Christy | |
| Conover, Thomas | Clark, Matthew | |

If none of the individuals in the above-referenced lists were sentenced to a day in prison for their actions on January 6, 2021, why should Luke Bender, who did not destroy, assault, harass, deface, or injure when walking inside the U.S. Capitol that day or when walking past law enforcement on the way out. Does the fact that Mr. Bender walked onto the Senate Floor, not by breaking-in or by force, but by walking in, justify a sentencing disparity of years? It does not.

As for defendant *Jennifer Horvath*, No. 22-cr-00192 (BAH), this Court sentenced her, like it did her then boyfriend, Glen Wes Lee Croy, to 36 months' probation and 3 months' home detention (with a 14-day period in a residential reentry center (*i.e.*, halfway house)). In that proceeding, the Government asserted that Ms. Horvath deserved a sentence of incarceration because she:

> (1) was among a group of rioters that surrounded, taunted, and assaulted Metropolitan Police Department ('MPD') officers as they arrived to defend the Capitol on January 6, 2021; (2) climbed through metal scaffolding to be one of the first rioters to reach the Northwest Courtyard; (3) unlawfully entered the Capitol Building through the Senate Wing Door at 2:18 p.m., just five minutes after the initial breach at that location; (4) entered a sensitive location, a Senate Conference Room; (5) proceeded toward the Crypt area of the Capitol Building while chanting, "who's house? Our house!"; (6) menacingly yelled, 'Where's Nancy?' as she proceeded through the Capitol Building; (7) was part of the mob that overran and made physical contact with United States Capitol Police ('USCP') officers in the Crypt; (8) was instructed to leave the Capitol Building but remained on restricted Capitol Grounds for nearly 45 minutes, during which time she climbed to the top of a government vehicle; (9) re-entered the Capitol Building through a different door amidst a mass of rioters who pushed past police officers who were attempting to keep them out; (10) evaded officers who were attempting to clear the area near the Rotunda doors and then entered the Rotunda; and (11) made social media posts in the days following January 6, 2021 in which she falsely claimed that law enforcement officers protecting the Capitol were attempting to 'agitate' the crowd 'until Antifa positioned.'

22-cr-192 (BAH) (D.E. 30 at 2). A period of incarceration at a BOP facility was as unwarranted for Ms. Horvath as it is for Mr. Bender, who entered the U.S. Capitol 27 minutes after Ms. Horvath had entered, remained inside for less time than she did, did not reenter a second time, and did not

4

engage in the other conduct described by the Government, including yelling, "Where's Nancy?" or standing on top of a government vehicle outside the U.S. Capitol. As another example, this Court sentenced Ms. Horvath's codefendant, *Terry Lynn Lindsey*, No. 21-cr-162-2 (BAH), to five months' incarceration when he:

> physically shoved a police officer, used illegal substances on Capitol grounds, evaded law enforcement during a second entry into the Capitol Building, threatened to return to the Capitol with guns, lied to and misled the FBI during his post-arrest interview, committed offenses and pretrial release violations during the pendency of his case, and entered a belated plea agreement more than a year after his arrest and just shortly before the scheduled trial date.

*Id.*, 07/15/22 Tr. at 64-65. Mr. Bender engaged in none of this conduct and yet the Government wants him to be incarcerated for years. The sentencing factors do not permit such a sentencing disparity solely because the Government chooses to charge individuals with felonies based on an arbitrary line of prosecutorial demarcation.

Mr. Bender is a very young man who turned his life around and is both fully employed and fully in compliance with his release conditions. The life-long felony conviction and lengthy period of supervision that he will incur in this case serve as more than just deterrence and punishment for his specific actions when participating in the events of January 6, 2021. Sentencing him to a federal prison would be a sentence "greater than necessary" to comply with the statutory purposes of sentencing and would only serve to undermine the progress that he has made over the last two years.[2]

---

[2] To address the Government's assertion in its Sentencing Memorandum (D.E. 113 at 31) that Mr. Bender is facing multiple felonies in Stafford County, Virginia, arising from an offense when he was 20 years old, that entire matter was resolved with a misdemeanor plea to destroyed property. Mr. Bender has since made full restitution and received a sentence of probation. Mr. Bender has left his past behind him and has no pending charges or violations. The decision now is whether he should be allowed to continue in the exceptional progress that he has made from a wayward youth to a responsible adult and husband, or rather, should he be sentenced to a federal prison. Mr. Bender respectfully asks this Court to give him the opportunity to further prove himself through

**CONCLUSION**

For the foregoing reasons and others that may appear to the Court or may develop at the sentencing hearing, Mr. Bender respectfully requests that this Court impose a sentence of three years of supervision, with a period of home confinement, in addition to the mandatory restitution of $2,000 to the Architect of the Capitol.

Dated: April 17, 2023	Respectfully submitted,

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

　　/s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

Emma J. Mulford (Bar No. MD0146)
400 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 385-6249
Facsimile: (410) 547-2432
Email: emulford@silvermanthompson.com

*Counsel for Defendant Luke Wessley Bender*

---

continued Court supervision, as was afforded to the two hundred other "rioters" and "insurrectionists" listed above for similar conduct on January 6, 2021.