**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | : | |
| UNITED STATES OF AMERICA | : | |
| | : | No. 21-cr-508-BAH |
| | : | |
| v. | : | |
| | : | |
| LUKE WESSLEY BENDER and | : | |
| LANDON MITCHELL. | : | |
| | : | |
| *Defendants*. | : | |
| _____ | : | |

## JOINT STATUS REPORT

The United States of America and Defendants Luke Wessley Bender and Landon Mitchell, through their respective undersigned counsel, file the present joint status report pursuant to this Court's Order dated March 6, 2024 (D.E. 160), and state as follows.

1.     On March 6, 2024, this Court issued an Order granting Defendants' respective Motions for Bond on Appeal and set deadlines for the Defendants to be released from custody when they had served twelve months of incarceration, the statutory maximum on the misdemeanor offenses that they were convicted of following a stipulated trial. The Court took this action as both Defendants challenged on appeal whether they could be charged with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), regarding their conduct on January 6, 2021.[1]

2.     At the time the Defendants sought release on appeal, the Supreme Court had

_____

[1] Defendants also raised several additional challenges on appeal, to include, that the applicable guidelines at Defendants' sentencing hearings included enhancements not applicable to Defendants, which was subsequently confirmed by the D.C. Circuit in *United States v. Brock*, No. 23-3045, which held that the sentencing enhancement at U.S.S.G. § 2J1.2(b)(2) does not apply to convictions under 18 U.S.C. § 1512(c)(2) for conduct disrupting Congress's counting and certification of the electoral college votes on January 6, 2021. Consistent with *Brock*, Defendants' guidelines range at sentencing should have been reduced by three offense levels.

granted certiorari in *United States v. Fischer*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023), which addressed the identical challenge to the obstruction statute raised by the parties in their respective motions to dismiss, which was denied by this Court.

3.     In its March 6, 2024 Order (D.E. 160), this Court "ORDERED that within three days of the Supreme Court issuing its decision in *Fischer v. United States*, No. 23-5572, the parties shall submit jointly a status report indicating whether any further proceedings in this case are necessary, including revocation of the release pending appeal, pursuant to 18 U.S.C. § 3143(b), granted herein."

4.     On June 28, 2024, the United States Supreme Court reversed the decision of the D.C. Circuit in *United States v. Fischer* and remanded for further proceedings consistent with its decision.

5.     Defendants respectfully assert that the release pending appeal should remain in place and that a resentencing hearing in this case will be required at a future date. Defendant Mitchell is currently evaluating all applicable appellate relief and is not prepared to proceed to resentencing at this time. As Defendant Bender will serve the full statutory maximum period of incarceration for his misdemeanor offenses later this week, his undersigned counsel is seeking authorization for the Government for a remand from the D.C. Circuit for resentencing in this case.

6.     The government does not oppose the Defendants' continued release pending appeal. However, at this time, the government takes no position regarding Defendant Bender's request regarding resentencing. The government is currently evaluating the *Fischer* decision, which affects many defendants in this prosecution. Per the government:  In *Fischer*, the Court held at Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." However, the Court did not reject the application of 1512(c)(2) to January 6. Rather,

the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information– or attempted to do so. The Supreme Court has remanded the case to the D.C. Circuit for further proceedings. Through those further proceedings, the Court of Appeals will interpret the scope of the statute in light of the today's decision. Out of respect for judicial economy, and to ensure a uniform and consistent approach before each judge of the District and Circuit, the government will evaluate its approach to 1512(c)(2) carefully. Therefore, the government respectfully requests the Court hold in abeyance for at least another 30 days the question of whether any additional proceedings are necessary in this case.

Dated: July 1, 2024                           Respectfully submitted,

                                              _/s/ Christopher Macchiaroli_
                                              Christopher Macchiaroli (D.C. Bar No. 491825)
                                              Silverman, Thompson, Slutkin & White LLC
                                              1775 I Street, NW, Suite 1150
                                              Washington, D.C. 20006
                                              Telephone: (202) 539-2444
                                              Facsimile:  (410) 547-2432
                                              Email: cmacchiaroli@silvermanthompson.com

                                              _/s/ Emma J. Mulford_
                                              Emma J. Mulford (Bar No. MD0146)
                                              Silverman, Thompson, Slutkin & White LLC
                                              400 East Pratt Street, Suite 900
                                              Baltimore, MD 21202
                                              Telephone: (410) 385-6249
                                              Facsimile:  (410) 547-2432
                                              Email: emulford@silvermanthompson.com

                                              *Counsel for Defendant Luke Wessley Bender*

                                              A. J. KRAMER
                                              Federal Public Defender for the
                                              District of Columbia

                                              By:   _/s/ Courtney L. Millian_

Courtney L. Millian
Elizabeth A. Mullin
Diane A. Shrewsbury
Assistant Federal Public Defenders
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By: */s/ Samantha R. Miller*
   SAMANTHA R. MILLER
   Assistant United States Attorney
   New York Bar No. 5342175
   United States Attorney's Office
   For the District of Columbia
   601 D Street, NW 20001
   Samantha.Miller@usdoj.gov

   *Counsel for the United States of America*