IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : : | No. 21-cr-508-BAH |
| v. | : : |  |
| LUKE WESSLEY BENDER and LANDON MITCHELL. | : : : |  |
| *Defendants*. | : : |  |

# JOINT STATUS REPORT

The United States of America and Defendants Luke Wessley Bender and Landon Mitchell, through their respective undersigned counsel, file the present joint status report pursuant to this Court's Minute Order dated July 1, 2024, and state as follows.

1. On March 6, 2024, this Court issued an Order granting Defendants' respective Motions for Bond on Appeal and set deadlines for the Defendants to be released from custody when they had served twelve months of incarceration, the statutory maximum on the misdemeanor offenses that they were convicted of following a stipulated trial. The Court took this action as both Defendants challenged on appeal whether they could be charged with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), regarding their conduct on January 6, 2021.[1]

2. In its March 6, 2024 Order (D.E. 160), this Court "ORDERED that within three

---

[1] Defendants also raised several additional challenges on appeal, to include, that the applicable guidelines at Defendants' sentencing hearings included enhancements not applicable to Defendants, which was subsequently confirmed by the D.C. Circuit in *United States v. Brock*, No. 23-3045, which held that the sentencing enhancement at U.S.S.G. § 2J1.2(b)(2) does not apply to convictions under 18 U.S.C. § 1512(c)(2) for conduct disrupting Congress's counting and certification of the electoral college votes on January 6, 2021. Consistent with *Brock*, Defendants' guidelines range at sentencing should have been reduced by three offense levels.

days of the Supreme Court issuing its decision in *Fischer v. United States*, No. 23-5572, the parties shall submit jointly a status report indicating whether any further proceedings in this case are necessary, including revocation of the release pending appeal, pursuant to 18 U.S.C. § 3143(b), granted herein."

3. On June 28, 2024, the United States Supreme Court reversed the decision of the D.C. Circuit in *United States v. Fischer* and remanded for further proceedings consistent with its decision.

4. On July 1, 2024, the parties filed a joint status report, wherein, the government represented that it was still "evaluating the *Fischer* decision, which affects many defendants in this prosecution. Out of respect for judicial economy, and to ensure a uniform and consistent approach before each judge of the District and Circuit, the government will evaluate its approach to 1512(c)(2) carefully. Therefore, the government respectfully requests the Court hold in abeyance for at least another 30 days the question of whether any additional proceedings are necessary in this case."

5. This Court granted the government's request and set August 5, 2024 as the deadline for another joint status report.

*Government's Position*

6. The government continues to not oppose the Defendants' continued release pending appeal, which the Court has already granted. As this Court knows, that the Defendants' cases are currently on appeal, and this Court has been divested of jurisdiction to decide resentencing or any other such issues. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). The government intends to evaluate this case expeditiously before the Circuit, and thus, the government requests that the Court hold any

additional hearings or status reports in abeyance. Upon resolving the matter in the Circuit, the government will alert the Court immediately if and when either case is remanded to the Court.

7. Defendants' sarcastic complaints about the government's decision-making process as it evaluates *Fischer*—which did not uniformly declare January 6 rioters innocent of violating 18 U.S.C. § 1512(c)(2), and which affects hundreds of cases in numerous procedural postures, including some cases with impending trial dates or involving defendants whose release pending appeal has not yet been ordered—are misplaced. There is no injustice being done here: Defendants have appealed; the government will respond to their appeal in due course; and the Court has ordered defendants release pending appeal. Defendants do not get to run into district court while their appeal is pending to demand relief from a court without jurisdiction simply because they believe their appeal is extremely meritorious—particularly since the Court has already ordered release, the remedy that the law authorizes in this type of situation. *See* 18 U.S.C. § 3143(b).

*Defendants' Position*

8. Defendants represent that the Government has had ample time to make a decision in this case. Rather than focus on the Defendants, who were convicted, sentenced, and incarcerated on § 1512 charges, the Government has prioritized its review by dismissing certain pending § 1512 charges that have not yet been adjudicated and for certain charges adjudicated, but have not yet proceeded to sentencing. Nothing explains why a similar analysis cannot be undertaken for the Defendants in this case. One would think that the Government's priority would be to resolve individuals wrongfully convicted of a felony before focusing on pending charges not yet adjudicated.

9. Now, after having at least 60 days since *Fischer* was decided to evaluate this case, and after requesting a continuance to update the Court, the Government's eagerly awaited report

back to the parties is that this Court has no jurisdiction over this matter, should not order anymore interim status reports, and this matter is properly before the D.C. Circuit to be resolved, even though the same Government counsel litigating the matter before this Court have been on the very same correspondence with Government counsel litigating appeals from this case.

10. Regardless of whether it takes six weeks or six months, Defendants' 1512 convictions should be vacated as the Defendants were not charged with obstruction relating to any documents (as the statute was initially adopted for) and the Indictment in this case does not allege such conduct either. This was also not the focus of the parties' stipulated trial or the lengthy briefing on the Defendants' respective motions to dismiss the § 1512 charges.

Dated: August 5, 2024

Respectfully submitted,

    /s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
Silverman, Thompson, Slutkin & White LLC
1775 I Street, NW, Suite 1150
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

    /s/ Emma J. Mulford
Emma J. Mulford (Bar No. MD0146)
Silverman, Thompson, Slutkin & White LLC
400 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 385-6249
Facsimile:  (410) 547-2432
Email: emulford@silvermanthompson.com

*Counsel for Defendant Luke Wessley Bender*

A. J. KRAMER
Federal Public Defender for the
District of Columbia

By:     /s/ Courtney L. Millian
Courtney L. Millian
Elizabeth A. Mullin

Diane A. Shrewsbury
Assistant Federal Public Defenders
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By: /s/ Samantha R. Miller
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20001
Samantha.Miller@usdoj.gov

*Counsel for the United States of America*