IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : :  : No. 21-cr-508-01-BAH : |
| v. | : : |
| LUKE WESSLEY BENDER, | : : |
| *Defendant*. | : : |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Luke Wessley Bender, pursuant to the Court's November 13, 2024 Minute Order, submits this sentencing memorandum to further aid the Court in advance of the December 19, 2024 resentencing hearing. For the reasons that follow, Mr. Bender respectfully submits that a sentence of time served is sufficient but not greater than necessary to achieve the goals of sentencing.

**PROCEDURAL BACKGROUND**

Mr. Bender was convicted, following a stipulated bench trial, on December 7, 2022, of a single felony offense for Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count One), and five misdemeanor offenses, including Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Three); Entering and Remaining on the Floor of Congress, in violation of 40 U.S.C. § 5104(e)(2)(A) (Count Four); Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Five); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of § 5104(e)(2)(G) (Count Six). *See* D.E. 132.

Mr. Bender faced a maximum sentence of twenty years on Count One; twelve months per count on Counts Two and Three; and six months per count on Counts Four, Five, and Six. At Mr. Bender's original sentencing hearing on April 20, 2023, the Court sentenced him to a term of twenty-one months of incarceration with the Bureau of Prisons ("BOP"), to consist of concurrent terms of twenty-one months as to Count One; twelve months as to Counts Two and Three; and six months as to Counts Four, Five, and Six. *See* Sentencing Tr. at 116:19-117:1. In addition, the Court imposed a concurrent thirty-six-month term of supervised release, to consist of thirty-six months as to Count One, and twelve months as to Counts Two and Three. *Id.* at 117:2-5. The Court allowed Mr. Bender to remain on the same release conditions and to self-surrender to BOP, *id.* at 132:12-13, which he did on July 6, 2023.

Having noted his appeal on April 25, 2023, *see* D.E. 138, Mr. Bender filed his appellate brief on September 5, 2023, raising challenges to his sole felony conviction under 18 U.S.C. § 1512(c)(2) and to his sentence. After the District of Columbia Circuit granted the Government's second motion to stay the appeal, Mr. Bender filed a motion in this Court, seeking release pending appeal. *See* D.E. 146. On March 6, 2024, the Court granted the motion. *See* D.E. 161. As opined by the Court, if Mr. Bender's conviction under § 1512(c)(2) were vacated, his "'likely reduced sentence' would be 12 months' incarceration, the statutory maximum and within the advisory guideline sentencing ranges for the Class A misdemeanors in Counts Two and Three." *Id.* at 11. Accordingly, the Court ordered Mr. Bender released when he had "served twelve months in prison," setting a prospective release date of July 7, 2024. *Id.* at 12-13. Pursuant to the Court's ruling, Mr. Bender was released from BOP custody on July 5, 2024. In total, he served just two

2

days less than a full twelve months of actual time.[1]

On September 9, 2024, the District of Columbia Circuit issued an Order and Mandate, instructing this Court to vacate Mr. Bender's conviction under 18 U.S.C. § 1512(c)(2). *See* D.E. 166. Thereafter, this Court scheduled a resentencing hearing for December 19, 2024, to consider the appropriate sentence for Mr. Bender's remaining misdemeanor convictions. *See* Nov. 13, 2024 Minute Order.

## ARGUMENT

At the time of his original sentencing, the Court observed that Mr. Bender "seem[ed] to have matured and grown up a lot over the last few years since his arrest in this case." Sent. Tr. at 109:21-23. As further expressed by the Court, Mr. Bender "got his life back on track" and "has goals in his life." *Id.* at 110:11-14. The Court deemed Mr. Bender's apology and remorse to be "very genuine," opining that Mr. Bender had "reconsidered" his stance on the events of January 6, 2021 and "become [a] much more critical consumer[] of both the news and the things that [he] see[s] around [him]." *Id.* at 111:2-4, 111:11-13.

Thereafter, in deciding to release Mr. Bender pending his appeal, the Court found, by clear and convincing evidence, that Mr. Bender was not likely to flee or pose a danger to any other person or the community. D.E. 161 at 6. The Court noted that "'[f]rom his arrest, until the day he reported to prison, Mr. Bender was in 100 percent compliance with the Pretrial Services Agency's High Intensity Supervision Program, to include Global Position Systems ("GPS") monitoring, without any GPS or curfew non-compliance.'" *Id*. at 6-7 (citing D.E. 146 at 4). The Court further credited Mr. Bender for "earn[ing] the BOP report of being a 'model inmate' since self-

---

[1] As the BOP facility did not permit release of a prisoner on the weekend, Mr. Bender was released on the Friday before the twelve-month mark, which would have ended on Sunday, July 7, 2024.

3

surrendering." *Id.* at 7.

In the more than a year and a half since his sentencing, Mr. Bender has only continued to mature and to further his goals of becoming a more productive member of the community. During his time in BOP custody, Mr. Bender completed a fourteen-week drug and alcohol program and a twelve-hour drug education program. Upon his release on July 5, 2024, Mr. Bender tested negative for controlled substances three times, first in two separate drug assessments post-release and again during his initial intake with U.S. Probation.[2]

As he did before trial and until self-surrendering, Mr. Bender has remained in 100 percent compliance with his release conditions since his release pending appeal. He also completed his term of supervision for his Virginia probation sentence and has resumed working. Mr. Bender has been working full time since August 2024 (following his release) at Reston Farm Garden Market in Reston, Virginia. In addition, Mr. Bender obtained a Project Manager Certificate from the International Association of Professional Career College.

By serving approximately twelve months in BOP custody, Mr. Bender has already served the statutory maximum for his misdemeanor convictions. *See* Sent. Tr. at 37:23-38:02; D.E. 161 at 11. Indeed, Mr. Bender served more time than he would have if he had been sentenced to twelve months at the outset, as he would have been released on First Step Act credits or placed in a halfway house much earlier than July 5, 2024. Moreover, this Court has already agreed that stacking Mr. Bender's misdemeanor sentences would be completely inappropriate. *See* D.E. 161 at 12 ("While possible, imposing consecutive sentences on the five misdemeanors would be a

---

[2] Attached as Exhibit 1 are the following documents, all of which were provided to U.S. Probation: (i) Merrifield Center Evaluation confirming no additional substance abuse treatment required after an assessment on July 10, 2024; (ii) BOP certificate of completion of Non-Residential Drug Abuse Treatment Program; (iii) BOP certificate of completion of Drug Abuse Education Course; and (iv) Project Manager Certificate from the International Association of Professional Career College.

departure from both default practice under federal law . . . and the position advanced by the government and adopted by this Court at defendant's sentencing in the instant case, where the government did not seek consecutive terms of imprisonment . . . resulting in an order to concurrent terms of imprisonment on all Counts."). Additionally, while Mr. Bender's appeal was pending, his guidelines decreased from the guidelines applicable at his initial sentencing. *See* D.E. 161 at 3 n.1.

Years before he agreed to proceed with a stipulated trial, Mr. Bender offered to plead guilty to multiple misdemeanor offenses, and even agreed to certain jail time as part of a plea resolution. The Government declined to abandon its demand that Mr. Bender be convicted of a felony, so Mr. Bender opted for a stipulated trial thereby preserving his ability to challenge the constitutionality of the application of the felony obstruction charge to his conduct on January 6, 2021. As expected, that challenge was successful. Even without the benefit of this hindsight, however, it shocks any belief that this Court would sentence Mr. Bender to the statutory maximum for his misdemeanor convictions, where Mr. Bender accepted responsibility, cooperated with law enforcement (leading to the arrest of his codefendant), remained in 100 percent compliance with his release conditions, and generally turned his life around; and where U.S. Probation recommended a variance under the Guidelines given Mr. Bender's mental and cognitive related issues. It is also unimaginable that the Court would leave no backup time under the statutory maximum as an incentive for Mr. Bender to comply with the terms of his eventual supervision. Undersigned counsel is also unaware of any case where the Government has asked for the imposition of the statutory maximum following an individual's acceptance of responsibility through a guilty plea, therefore receiving absolutely no benefit for sparing the Government and the Court from having to use its limited resources in proceeding through a trial.

All in all, Mr. Bender served a full twelve months in a federal correctional institution, with

no consideration of good time credit. In reality, he served way more than twelve months, with the benefit of good time credit, First Step Act credit, and the ability to finish the remainder of his sentence at a halfway house. If he had not been released in July, then Mr. Bender would have completed his full twenty-one-month sentence in October 2024, under BOP time calculations.[3]

In summary, Mr. Bender has paid his debt to society. There is absolutely no concern about his risk of reoffending or substance abuse related issues as confirmed by *years* of exceptional compliance. Mr. Bender has served more than enough time and suffered sufficient consequences to accomplish the goals of sentencing and to pay the price to society for his misdemeanor conduct.

## CONCLUSION

For all of the foregoing reasons and such others as may be presented at the resentencing hearing, Mr. Bender respectfully requests that the Court impose a sentence of time served.

Dated: December 13, 2024        Respectfully submitted,

    /s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
Silverman, Thompson, Slutkin & White LLC
1775 I Street, NW, Suite 1150
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile: (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

    /s/ Emma J. Mulford
Emma J. Mulford (Bar No. MD0146)
Silverman, Thompson, Slutkin & White LLC
400 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 385-6249
Facsimile: (410) 547-2432
Email: emulford@silvermanthompson.com

---

[3] At times, and without any justification, Mr. Bender was placed in isolation because BOP treats January 6 defendants as "gangs," even though Mr. Bender did not engage in any threatening or assaultive conduct on January 6, 2021, and was not involved in any of the groups allegedly responsible for that event.