AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 1
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## District of Columbia

| UNITED STATES OF AMERICA | ) | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| LUKE WESSLEY BENDER | ) | Case Number: CR 21-508-01 (BAH) |
|  | ) | USM Number: 57891-509 |
| Date of Original Judgment: 4/20/2023 | ) | Christopher Macchiaroli |
| (Or Date of Last Amended Judgment) | ) | Defendant's Attorney |

**THE DEFENDANT:**
- ☐ pleaded guilty to count(s) _____
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☑ was found guilty on count(s) 2, 3, 4, 5 and 6 after a plea of not guilty.

**FILED**
DEC 19 2024
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1752 (a)(1) | Entering and Remaining in a Restricted Building or Grounds | 1/6/2021 | 2 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

*The Conviction on Count 1 of the indictment along with the Twenty-One (21) months term of incarceration imposed on April 20, 2023 was VACATED by Order entered on November 13, 2024.*

12/19/2024
Date of Imposition of Judgment

*[signature]*
Signature of Judge

BERYL A. HOWELL    U.S. DISTRICT JUDGE
Name and Title of Judge

December 19, 2024
Date

AO 245C (Rev. 09/19)  Amended Judgment in a Criminal Case
Sheet 1A

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 8

DEFENDANT: LUKE WESSLEY BENDER
CASE NUMBER: CR 21-508 (BAH)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1752 (a)(2) | Disorderly and Disruptive Conduct in a Restricted Building or Grounds | 1/6/2021 | 3 |
| 40 USC § 5104 (e)(2)(A) | Entering and Remaining on the Floor of Congress | 1/6/2021 | 4 |
| 40 USC § 5104 (e)(2)(D) | Disorderly Conduct in a Capitol Building | 1/6/2021 | 5 |
| 40 USC § 5104 (e)(2)(G) | Parading, Demonstrating, or Picketing in a Capitol Building | 1/6/2021 | 6 |

DEFENDANT: LUKE WESSLEY BENDER
CASE NUMBER: CR 21-508 (BAH)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Time Served as to Count 2,3 4, 5, and 6

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 1:21-cr-00508-BAH    Document 175    Filed 12/19/24    Page 4 of 9

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
           Sheet 3 — Supervised Release
                                                              (NOTE: Identify Changes with Asterisks (*))
                                                              Judgment—Page  4  of   8

DEFENDANT: LUKE WESSLEY BENDER
CASE NUMBER: CR 21-508 (BAH)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Concurrent term of Twelve (12) months as to Count 2 and 3 starting from the day of the defendant's release from prison in this case.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: LUKE WESSLEY BENDER
CASE NUMBER: CR 21-508 (BAH)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
Sheet 3B — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 6 of 8

DEFENDANT: LUKE WESSLEY BENDER
CASE NUMBER: CR 21-508 (BAH)

## ADDITIONAL SUPERVISED RELEASE TERMS

Special Assessment - The defendant is ordered to pay a special assessment of $25.00 each as to Count 2 and 3; and $10.00 on each of Count 4, 5, and 6 for a total of $80.00 in accordance with 18 USC § 3013.

Restitution - The defendant is ordered to make restitution to the Architect of the Capitol in the amount of $2,000.00. Restitution payments shall be made to the Clerk of the Court for the United States District Court, District of Columbia, for disbursement to the victim: Architect of the Capitol, Office of the Chief Financial Officer, Ford House Office Building, Room H2-205B, Washington, DC 20515. Amount of Loss: $2,000.00.

The Court recognizes that restitution and the special assessment has been paid in full.

DEFENDANT:  LUKE WESSLEY BENDER
CASE NUMBER:  CR 21-508 (BAH)

## SPECIAL CONDITIONS OF SUPERVISION

Substance Abuse Testing - The defendant must submit to substance abuse testing to determine if he has used a prohibited substance. The defendant must not attempt to obstruct or tamper with the testing methods.

Firearm Restriction - The defendant shall remove firearms, destructive devices, or other dangerous weapons from areas over which you have access or control until the term of supervision expires.

Location Restriction - The defendant must not knowingly enter the United States Capitol Building or onto surrounding grounds known as Capitol Square and consisting of the square block bounded by Constitution Avenue, NW and NE, to First Street, NE and SE, to Independence Avenue, SE and SW, to First Street, SW and NW, without first obtaining the permission of the probation officer and/or the Court.

Location Restriction - The defendant must not knowingly enter the District of Columbia without first obtaining the permission of the probation officer and/or the Court.

The Court finds that that defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

The financial obligations are immediately payable to the Clerk of the Court for the U.S. District Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, the defendant shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

The Probation Office shall release the presentence investigation report to all appropriate agencies, which includes the United States Probation Office in the approved district of residence, in order to execute the sentence of the Court.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
      Sheet 5 — Criminal Monetary Penalties
                                                                                  (NOTE: Identify Changes with Asterisks (*))
                                                                       Judgment — Page  8  of  8

DEFENDANT: LUKE WESSLEY BENDER
CASE NUMBER: CR 21-508 (BAH)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-------------|------|------------------|-------------------|
| TOTALS | $ 80.00    | $ 2,000.00  | $    | $                | $                 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Restitution payments shall be made to the Clerk of the Court for the United States District Court, District of Columbia for disbursement to the following victim: Architect of the Capitol Office of Chief Financial Officer Ford House Bldg, Rm. H2-205B Washington DC 20515 | | $2,000.00 | |
| TOTALS | $ 0.00 | $ 2,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Criminal Judgment
    Sheet 8 — Reason for Amendment

Not for Public Disclosure

DEFENDANT: LUKE WESSLEY BENDER
CASE NUMBER: CR 21-508 (BAH)
DISTRICT: District of Columbia

# REASON FOR AMENDMENT
(Not for Public Disclosure)

**REASON FOR AMENDMENT:**

- [x] Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R.Crim. P. 35(a))
- [ ] Correction of Sentence for Clerical Mistake (Fed. R.Crim. P. 36)

- [ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant to
  - [ ] 28 U.S.C. § 2255 or
  - [ ] 18 U.S.C. § 3559(c)(7)
- [ ] Modification of Restitution Order (18 U.S.C. § 3664)